**ROBCO DISTRIBUTORS, INC.,**
**Plaintiff,**

v.

**GENERAL GLASS INTERNATIONAL CORP., et al., Defendants.**

**No. CV 82–1281, CV 82–1978.**

United States District Court,
E.D. New York.

May 15, 1984.

Lynch, Rowin, Burnbaum & Crystal by Marc Rowin and Howard Crystal, New York City, for plaintiff.

Shook, Hardy & Bacon by John C. Monica, Kansas City, Mo., and LeBoeuf, Lamb, Leiby & MacRae by Grant S. Lewis, New York City, for AFG Industries, Inc.

Kaye, Scholer, Fierman, Hays & Handler by Fred A. Freund, New York City, for PPG Industries Inc.

O'Donnell, Fox, Gartner & Sobolewski by Stuart F. Gartner, New York City, for Budney.

Rosenman, Colin, Freund, Lewis & Cohen by Asa D. Sokolow, New York City, for C–E.

Sullivan & Cromwell by William M. Dallas, Jr., New York City, for Ford.

Cooperman, Levitt & Winokoff, P.C. by Alan M. Lebensfeld, New York City, for Colonial.

Stein, Zauderer, Ellenhorn, Friedman & Kaplan by Edward A. Friedman, New York City, for Guardian.

John Juliano, P.C. by John Ciarelli, East Northport, N.Y., for Floral.

Schwartz & Sachs, P.C. by Michael J. Macco, Carle Place, N.Y., for Shadovitz, Berkowitz & Resnick.

Ronald C. Makoski, Jeannette, Pa., for Jeannette Sheet Glass Corp.

Sant'Ambrogio & Martone by Frank J. Martone, Bloomfield, N.J., for Boss Auto Glass Distributors, Inc.

## SUPPLEMENTAL MEMORANDUM

WEXLER, District Judge.

In this action plaintiff contends that defendants have engaged, and continued engaging as of the date the complaint was filed, in a conspiracy to violate the antitrust law.

This memorandum concerns an appeal by plaintiff from an order of United States Magistrate David F. Jordan dated February 22, 1984, "to the extent that the Order limits [plaintiff's] discovery to events occurring prior to May 10, 1982, the date the complaint in this action was filed".

On October 19, 1982, Judge Mishler denied a motion to dismiss the complaint for failure to state a claim, finding that the complaint stated a cause of action with sufficient specificity. On January 13, 1983, Magistrate Jordan ordered that "plaintiff is directed to specify the basis of its conspiracy claim against each defendant including the name and expected testimony of each witness, and to attach copies of each relevant supporting document" prior to discovery. On May 25, 1983, Judge Mishler reversed this order, and ordered that plaintiff be permitted to depose 15 non-party witnesses. On February 22, 1984, Magistrate Jordan ordered that witness Woodrow Miller, who had refused to answer any questions unless ordered to do so, "need not answer any questions calling for information as to events occurring after the date the complaint was filed."

■ Rule 26 of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ..." Rule 26 does not limit discovery to pre-complaint events in cases such as this in which the complaint alleges that a conspiracy was continuing as of the date the complaint was filed. *United States v. Capitol Service, Inc.*, 89 F.R.D. 578 (E.D.Wis.1981); *Goldinger v. Boron Oil Co.*, 60 F.R.D. 562 (W.Pa.1973).

■ Of course, a party may not employ discovery for a "fishing expedition". Rule 11 requires that an attorney filing a complaint certify that the complaint is well grounded prior to discovery. Rule 56 provides that summary judgment may be granted against a party even prior to discovery if the party cannot demonstrate the existence of a genuine dispute regarding a material issue of fact, although Rule 56(f) permits the Court to authorize discovery rather than grant summary judgment.

We do not believe that an order limiting discovery to pre-complaint events furthers the policies promoted by Rules 11 and 56. When a party files a complaint, the party either has good grounds for filing the complaint or he does not. Information obtained by the party through discovery can have no bearing upon whether the party possessed good grounds for filing the complaint at the time the complaint was filed. Information obtained by discovery concerning pre-complaint events is neither more nor less relevant in this respect than information obtained by discovery concerning post-complaint events; both are totally irrelevant. Similarly, if a pre-discovery motion for summary judgment is made (as has not been done here), and a Court chooses to authorize discovery pursuant to Rule 56(f) rather than grant summary judgment, we

see no reason why such discovery with respect to pre-complaint events is any more justifiable than discovery with respect to post-complaint events.

Judge Mishler, in authorizing plaintiff to depose 15 non-party witnesses, did not provide that discovery would be limited to pre-complaint events. Of course, after these depositions are completed, it is quite possible that a motion will be made for sanctions pursuant to Rule 11 or for summary judgment pursuant to Rule 56. Judge Mishler has merely determined that the complaint states a cause of action, not that the complaint was well-grounded or that there exists a genuine dispute as to material issues of fact. In the meantime, however, we see no reason why discovery should be limited to pre-complaint events.

We find that the order appealed from is contrary to law.

For the above reasons, we issued the following order on April 19, 1984:

The order appealed from is modified. Woodrow Miller is directed to return for the completion of his deposition, and shall not refuse to answer any question on the ground that it relates to post-complaint events. Woodrow Miller shall not be held in contempt for his previous refusal to answer questions.